**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANDRE SAUNDERS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-09534 (JBS-AMD) |
| C.C.C.F., | **OPINION** |
| Defendant. |  |

APPEARANCES

Andre Saunders, Plaintiff Pro Se
1 East Randolph Street, Apt A-6
Camden, NJ 08105

**SIMANDLE, District Judge:**

1. By Complaint dated December 28, 2016, Plaintiff Andre Saunders sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1 ("Original Complaint"), § III(A). The Complaint stated in its entirety: "Placed in the room with 4 other inmates was forced on the floor with a nasty leaking toilet with water on the floor" (*id*. § III(C)) at "Camden County Jail" (*id*. § III(A)) during March 23, 2010, August 30, 2013, September 21, 2013, March 12, 2014, and September 11, 2016. *Id*. § III(B).

2. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a court to review complaints prior to service in cases in which a

plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

    3.   In accordance with these directives of the PLRA, this Court undertook the requisite screening and, by Order dated May 8, 2017 (Docket Entry 11 ("Dismissal Order")): (a) dismissed with prejudice Plaintiff's claims against the Camden County Jail; and (b) dismissed without prejudice Plaintiff's claims alleging constitutional violations as to conditions of confinement.

    4.   The May 8, 2017 dismissal of Plaintiff's claim against the Camden County Jail was with prejudice because, as explained in this Court's Opinion that accompanied the Dismissal Order, correctional facilities are not "state actors" subject to liability within the meaning of 42 U.S.C. § 1983. Docket Entry 10, at 5-6 ("Dismissal Opinion") (citing *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern*

*State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)).

5. The May 8, 2017 dismissal of Plaintiff's conditions of confinement claim was without prejudice because, even accepting the statements in § III of Plaintiff's Complaint as true for screening purposes only ("Placed in the room with 4 other inmates was forced on the floor with a nasty leaking toilet with water on the floor" (Original Complaint § III(C)), there was not enough factual support for the Court to infer that a constitutional violation had occurred in connection with Plaintiff's incarceration. Dismissal Opinion at 16-17.

6. The Dismissal Order granted Plaintiff leave to amend the Complaint within 30 days of the date of the Dismissal Order to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during his confinement, such as: adverse conditions that were caused by specific state actors; adverse conditions that caused Plaintiff to endure genuine privations and hardship over an extended period of time; or adverse conditions that were excessive in relation to their purposes.

7. On June 1, 2017, Plaintiff submitted an Amended Complaint, again asserting claims arising from incarceration at "Camden County Jail" (Docket Entry 5 ("Amended Complaint") at §

III(A)), but differing from the Original Complaint as to conditions of confinement facts and alleged injuries:

    a. First, as to conditions of confinement facts, the Amended Complaint contends that Plaintiff: (i) "I was forced to sleep in a cell that's made for (2) inmates, but there was (4) of us sleeping in the cell"; (ii) "I was served cold food that I had to eat while on the floor 1 foot from the toilet bowl, that was full of urine, mold and mildew"; (iii) "very poor ventilation that caused my asthma to act up"; (iv) "contracted a boil due to these nasty living conditions"; (v) "food was being served by inmates right off the street who are not medically cleared to serve food"; and (vi) "there horrible conditions has contributed to my present state of mind which is constantly depressed, withdrawn and afraid to be around people for long periods of time." Amended Complaint, Docket Entry 5, § III(C). Original Complaint, § III(C). In short, the Amended Complaint does not adopt the allegations in the Original Complaint as to conditions of confinement being challenged.

    b. Second, as to alleged injuries, the Amended Complaint contends that Plaintiff "contracted a boil due to these nasty living conditions." Amended Complaint §

4

IV. Plaintiff denied sustaining any injuries in the Original Complaint. Original Complaint § IV ("N/A"). In short, the Amended Complaint does not adopt the allegations in the Original Complaint as to Plaintiff's purported injuries.

8. In accordance with the directives of the PLRA, the Court must now screen the Amended Complaint to dismiss any claim that is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from suit. Pursuant to this mandate of the PLRA, the Court now finds that Plaintiff's June 1, 2017 Amended Complaint is insufficient to constitute an amended complaint that survives this Court's review under § 1915.

9. First, Plaintiff in his Amended Complaint now brings suit against: "Persons and/ or employees at Camden County Jail who are Warden D. Owens, Capt. K. Taylor, Class Dept. L. Kareem, Medical Sup. C. Martinelli along with various officers and sergeants who would fall under the superiors."

10. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[1] To

---

[1] "Person" is not strictly limited to individuals who are state and local government employees, however. For example,

5

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

11. Plaintiff now has named "persons and or employees at Camden County Jail" and lists the following: "Warden D. Owens, Capt. K. Taylor, Class Dept. L. Kareem, Medical Sup. C. Martinelli, along with various officers and Sargent's who would fall under the superiors."

12. The Complaint must be dismissed without prejudice as to claims made against Owens, Taylor, Kareem, Martinelli and the various other officers because the Complaint does "[not] allege[] any personal involvement by [the wardens] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d

---

municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

6

Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[Plaintiff's] complaint contains no allegations regarding [the] Warden[s]. 'Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] Warden[s]." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)). Plaintiff was provided leave to amend the Complaint to plead sufficient facts that were caused by specific state actors, yet Plaintiff has failed to allege any facts attributable to the listed defendants. Accordingly, Plaintiff's claims against defendants must be dismissed.

13. Second, like the Original Complaint, the Amended Complaint still does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred as to conditions of confinement.

14. Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008). Due process protections

"secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Hurtado v. California,* 110 U.S. 516, 527 (1884). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' *Collins v. City of Harker Heights,* 503 U.S. 115, 129 (1992), thereby recognizing the point made by Chief Justice Marshall, that 'it is *a constitution* we are expounding,' *Daniels v. Williams*, 474 U.S. 327, 332 (1985) (quoting *M'Culloch v. Maryland,* 17 U.S. 316 (1819) (emphasis in original))." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

15. Furthermore, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

16. Accordingly, to demonstrate that purportedly crowded incarceration conditions of a pretrial detainee shock the conscience and thus violate due process rights, more is necessary than, such as Plaintiff herein alleges, simply "served cold food" or "poor ventilation that caused asthma to act up." Amended Complaint § III(C). Thus, the Amended Complaint does not cure the pleading defects in the Original Complaint as to Plaintiff's condition of confinement claims.

17. Therefore, even liberally construing the Complaint and the Amended Complaint as this Court is required to do, *Mala v.*

*Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has still failed to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during his incarceration in order to survive this Court's review under § 1915.

18. In light of the opportunity that has already been afforded to Plaintiff by this Court's May 8, 2017 Dismissal Order to submit a complaint that meets the requisite pleading standards, and given Plaintiff's inability in the June 1, 2017 Amended Complaint to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment would be futile and hereby dismisses the entirety of all claims in both the Original Complaint and in the Amended Complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after District Court gave *pro se* plaintiff several opportunities to comply with Rule 8).

19. For the reasons stated above: (a) the Complaint remains dismissed with prejudice as to Plaintiff's claims against the defendants; (b) the Complaint is dismissed with prejudice as to claims concerning conditions of confinement, for failure to state a claim; and (c) the Amended Complaint is

dismissed with prejudice in its entirety, for failure to state a claim.

20. An appropriate order follows.

**June 8, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge